Order Filed on
9/8/2010
by Clerk U.S. Bankruptcy
Court District of New Jersey

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

IN THE MATTER OF:

| | |
|---|---|
| RICHARD JOHN GONICHELIS AND LISA LEE GONICHELIS | CASE NO.: 09-26862 |
| | JUDGE: KATHRYN C. FERGUSON |
| | CHAPTER: 7 |
| RICHARD JOHN GONICHELIS AND LISA LEE GONICHELIS | ADVERSARY NO. 10-1708 |
| Plaintiffs, | |
| versus | |
| BACH'S HOME HEALTH CARE, INC., JOAN B. CURCIO AND ROBERT G. MILLER | |
| Defendants. | |

ORDER OF DISMISSAL AND SETTLEMENT AGREEMENT OF DEFENDANTS

The relief set forth on the following pages numbered two (2) through (11) is hereby **ORDERED**.

**DATED: 9/8/2010**

_____
Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

1

Page 2

Debtors: Richard John Gonichelis and Lisa Lee Gonichelis
Case No.: 09-26862 (KCF)
Adversary No: 10-1708
Caption: **ORDER OF DISMISSAL AND SETTLEMENT AGREEMENT OF DEFENDANTS**
_____

    **THIS ADVERSARY PROCEEDING** being opened before the Court by Jonathan Stone, Esq., attorney for the Plaintiffs/Debtors, Richard John Gonichelis and Lisa Lee Gonichelis, and Bach's Home Heal Care, Inc., Joan B. Curcio and Robert G. Miller having been named as Defendants to this action, and the Plaintiffs/Debtors having negotiated a settlement with Defendants, and for good cause having been shown:

    **IT IS HEREBY,**

    **ORDERED** that the Settlement Agreement and Release of Bach's Home Health Care, Inc., Joan B. Curcio and Robert G. Miller is hereby incorporated and made part of this Order.

*Approved by Judge Kathryn C. Ferguson  September  08, 2010*

# SETTLEMENT AGREEMENT AND RELEASE OF
## BACH'S HOME HEALTH CARE, INC., JOAN B. CURCIO AND ROBERT G. MILLER

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement"), is made and executed as of the 19th day of August, 2010, by and between Richard John Gonichelis and Lisa Lee Gonichelis ("Gonichelis") (with their heirs, agents, administrators, executors, trustees and assigns), Bach's Home Health Care, Inc. (its future predecessors in interest, successors, or assigns), Joan B. Curcio (with her heirs, agents, administrators, executors, trustees and assigns) and Robert G. Miller ("Defendants"); is intended to extinguish all liabilities, causes of action, or damages either past or present, known or unknown, if any, which Gonichelis may be entitled to pursue against the Defendants.

## RECITALS:

**WHEREAS**, Gonichelis has alleged that the Defendants committed acts which may constitute bankruptcy violations ("Alleged Violations") related to a bankruptcy case filed in the District of New Jersey, identified as Case Number 09-26862 (KCF) ("Bankruptcy Case"); and

**WHEREAS**, Defendants deny any liability as to the Alleged Violations; and

**WHEREAS**, the Parties desire to fully resolve this dispute concerning the Alleged Violations and all claims that were asserted, or could have been asserted in the above captioned Adversary Proceeding, and the mutual desire of the Parties to avoid litigation.

**NOW, THEREFORE**, in consideration of the above recitals and for value set out below and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, Defendants and Gonichelis covenant and agree as follows:

1. Beginning August 1, 2010, Defendants, Bach's Home Health Care, Inc. and Robert G. Miller, jointly and severally, agree to tender to Jonathan Stone, Esq. Attorney Trust Account the sum of $10,000.00, payable in eight ("8") installments. The first payment of $3,000.00 is due on August 2, 2010. There shall be seven ("7") equal monthly installment payments of $1,000.00 beginning September 1, 2010 and ending March 1, 2011. All payments shall be made via certified check or money order or bank check. If payment is not received by the end of five ("5") calendar days, a late charge of 10.0% of any overdue payment is due. The late charge shall be paid promptly, but only once on each late payment. The $10,000.00 shall be in satisfaction of all claims Gonichelis, and/or anyone deriving rights from Gonichelis, may have against the Defendants Jointly and Severally; and Gonichelis has agreed not to pursue litigation or further claims against Defendants. Defendant, Joan B. Curcio, shall pay $0.00.

2. Gonichelis hereby releases and forever discharges Defendants of and from all claims, causes of actions, suits, debts, agreements, damages, judgments, executions, and demands whatsoever ("Claims"), in law or in equity, which Gonichelis may have or ever had or have now,

Page 2

1

R.J.G.

Debtors: Richard John Gonichelis and Lisa Lee Gonichelis
Case No.: 09-26862 (KCF)
Adversary No: 10-1708
Caption: SETTLEMENT AGREEMENT AND RELEASE OF BACH'S HOME HEALTH CARE, INC., JOAN B. CURCIO AND ROBERT G. MILLER

---

known or unknown, which arise from, are based upon, or are related to any action committed related to Gonichelis's Bankruptcy Case by Defendants.

3. Gonichelis hereby covenants that they will now and forevermore forbear and refrain from the institution or prosecution of any Claims, court proceedings or causes of action whatsoever arising at any time prior to the effective date of this Agreement against Defendants. This covenant may be pleaded as an absolute defense to any court pleading or action brought against Defendants by Gonichelis as of the date of this Agreement.

4. This Agreement releases any and all Claims based on any action or inaction of Defendants which occurred on or prior to the date of this Agreement.

5. The Account has been fully discharged in bankruptcy and Defendants shall take no further collection activity relative to the Account.

6. Defendants shall purge the Account from their database.

7. Defendants will not sell, transfer or assign the Account, or any portion of the Account, or any rights to service the Account (whether such rights are direct, derivative, contingent or otherwise) to any other party at any time subsequent to the execution of this Agreement.

8. If Defendants sell, transfer or assigns the Account, or any portion of the Account or any rights to service the Account in violation of the preceding paragraph, such actions will constitute a breach of this Agreement and Defendants shall be jointly responsible with any and all future direct and indirect transferees for any future collection or credit reporting actions or activities on the Account which violate the Bankruptcy Code, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, or any other applicable state or federal consumer protection statute and/or terms of this Agreement.

9. The Parties acknowledge that this Agreement represents a compromise of all disputed claims, has been made for the express purpose of avoiding the expense of litigation, and shall not be construed as an admission of wrongdoing, negligence, or liability on the part of the Defendants.

2

*Approved by Judge Kathryn C. Ferguson  September 08, 2010*

Debtors: Richard John Gonichelis and Lisa Lee Gonichelis
Case No.: 09-26862 (KCF)
Adversary No: 10-1708
Caption: **SETTLEMENT AGREEMENT AND RELEASE OF BACH'S HOME HEALTH CARE, INC., JOAN B. CURCIO AND ROBERT G. MILLER**

10. This Agreement contains the entire understanding between the Parties concerning the subject matter of the Adversary Proceeding.

11. The terms of this Agreement supersede and replace all prior negotiations and proposed agreements, written or oral, between the Parties arising out of the facts alleged in and circumstances surrounding the Adversary Proceeding.

12. This Agreement may only be modified by further written agreement signed by all of the Parties.

13. This Agreement shall be interpreted in accordance with the laws of the State of New Jersey, without reference to conflict of laws.

14. Except as set forth herein, the Parties will bear their own respective attorney's fees, expenses and costs in connection with the preparation of this Agreement and the Adversary Proceeding.

15. If any provisions of this Agreement are held invalid or unenforceable, all other provisions shall continue in full force and effect.

16. This Agreement may be executed in counterparts, each of which will be deemed an original document, but all of which will constitute a single document.

17. This Agreement may be executed by electronic transmission signature, including, without limitation, by facsimile or portable document format (".pdf"), each of which shall be binding as if they were an original signature.

18. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement, as well as to hear and adjudicate any motions for its enforcement or contempt related thereto.

Debtors: Richard John Gonichelis and Lisa Lee Gonichelis
Case No.: 09-26862 (KCF)
Adversary No: 10-1708
Caption: SETTLEMENT AGREEMENT AND RELEASE OF BACH'S HOME HEALTH CARE, INC., JOAN B. CURCIO AND ROBERT G. MILLER

---

19. The Parties acknowledge that they have (i) read this Agreement in its entirety and fully understand its tenor and effect, (ii) have discussed this Agreement with counsel, (iii) agree that this Agreement constitutes the entire agreement between the parties, and (iv) by their signatures represent that there have been no other promises or inducements made to them in connection with the execution of this Agreement other than the consideration set forth above.

IN WITNESS WHEREOF, Richard John Gonichelis and Lisa Lee Gonichelis have hereby executed this RELEASE AND SETTLEMENT AGREEMENT effective on the day and year written above.

_Aug-26, 2010_
Date

_[signature]_
Richard Jon Gonichelis

_8/26/10_
Date

_[signature]_
Lisa Lee Gonichelis

I HEREBY APPROVE THE TERMS AND CONDITIONS OF THE FOREGOING RELEASE AND SETTLEMENT AGREEMENT.

_8/16/10_
Date

_[signature]_
Jonathan Stone, Esq.
Counsel for Debtors/Plaintiffs

IN WITNESS WHEREOF, Joan B. Curcio has hereby executed this RELEASE AND SETTLEMENT AGREEMENT effective on the day and year written above.

_8/19/2010_
Date

_[signature]_
Joan B. Curcio, Defendant

I HEREBY APPROVE THE TERMS AND CONDITIONS OF THE FOREGOING RELEASE AND SETTLEMENT AGREEMENT.

_8/19/10_
Date

_[signature]_
Michael Schwartzberg, Esq.
Counsel for Defendant, Joan B. Curcio

Page 5

4

R.J.G.
_[initials]_

Debtors: Richard John Gonichelis and Lisa Lee Gonichelis
Case No.: 09-26862 (KCF)
Adversary No: 10-1708
Caption: SETTLEMENT AGREEMENT AND RELEASE OF BACH'S HOME HEALTH CARE, INC., JOAN B. CURCIO AND ROBERT G. MILLER

    IN WITNESS WHEREOF, Robert G. Miller, individually and as President of Bach's Home Health Care, Inc. has hereby executed this RELEASE AND SETTLEMENT AGREEMENT effective on the day and year written above.

_8/24/10_
Date

_____
Robert G. Miller, Defendants as individual
and as President of Bach's Home Health
Care, Inc.

5

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Agreement") is made effective on 8/19, 2010 (the "Effective Date") by and between JOAN B. CURCIO, 19 Barn Owl Drive, Hackettstown, NJ ("CURCIO") and BACH'S HOME HEALTH CARE, INC. ("Bach's") and ROBERT G. MILLER ("Miller") 136 Main Street, Hackettstown, NJ 07840.

WHEREAS, Plaintiffs Richard John Gonichelis and Lisa Lee Gonichelis filed an action against Curcio, Bach's and Miller in the United States Bankruptcy Court, District of New Jersey, In Re: Richard John Gonichelis and Lisa Lee Gonichelis, Debtor, entitled <u>Richard John Gonichelis and Lisa Lee Gonichelis, Plaintiffs, v. Bach's Home Health Care, Inc., Joan B. Curcio and Robert G. Miller, Defendants</u>, Case No. 09-26862 KCF, ADB. PRO. NO. 10-1708 (the "Bankruptcy Court Action"); and

WHEREAS, Curcio filed a Cross Claim against Bach's and Miller in the Bankruptcy Court Action (the "Cross Claim") and Bach's and Miller have borne of withheld filing a Cross Claim against Curcio in consideration of this Agreement;

WHEREAS, Curcio and Bach's and Miller (collectively, the "Parties", and individually, a "Party") intend to resolve and settle all claims and causes of action that have been, could have been or should have been asserted in the Bankruptcy Court Action.

NOW, THEREFORE, the Parties, in consideration of the mutual covenants and agreements to be performed as set forth herein, the receipt and sufficiency of which are hereby acknowledged, stipulate and agree as follows:



1. Curcio will pay a total of $1,500.00 by bank, certified or attorney check made payable to Law Offices of David S. Barmak, LLC Attorney Trust Account, not later than August 10, 2010 for the benefit of Bach's and Miller as Curcio's contribution to the settlement of $10,000.00 made by Bach's and Miller in full accord and satisfaction of any and all amounts due and owing from the Parties to the Plaintiffs in the above-referenced Bankruptcy Court Action. In addition, the Parties agree that there will be no future litigation between or among the Parties as a result of any event or thing which has happened in the dealings and relationship between the Parties up until the date of this Release.

2. The Parties' counsels shall immediately execute a Stipulation of Dismissal with Prejudice regarding the Cross Claim in the Bankruptcy Court Action. Bach's Counsel shall file the executed Stipulation of Dismissal with the

Court, and request that the Court remove the Cross Claim from the active docket.

3. Upon the performance of the obligations specified herein, Curcio hereby releases and forever discharges Bach's and its parents, subsidiaries, partners or affiliates (and any of the owners, agents, attorneys, directors, officers or employees) and Miller as President of Bach's and individually and his heirs, successors, agents, legal representatives and assigns and Bach's and Miller hereby release and forever discharge Curcio individually and her heirs, successors, agents, legal representatives and assigns from any and all claims and causes of action which the Parties had, have or may have against each other for anything which has occurred from the beginning of time to the Effective Date specified above, except any claims and causes of action arising out of a breach of this Agreement, including, but not limited to those claims and causes of action (including those for attorney's fees) that have been, could have been or should have been asserted in the Bankruptcy Court Action.

4. Each Party acknowledges that it has complete power and authority to execute and deliver this Agreement and to perform its obligations hereunder. The Parties acknowledge that at all times they have been represented by counsel of their own choosing concerning the rights affected by this Agreement, the form and content of it, and the advisability of executing it. The Parties and signatories hereto have carefully read this Agreement, understand the contents hereof and voluntarily sign this Agreement with intent to be bound by all of the terms and conditions contained herein.

5. The Parties hereby agree to keep the terms of this Agreement confidential and not to disclose or discuss with any person not a Party to this Agreement the terms of this Agreement, except as required by law or applicable state or federal regulations. In addition, the Parties may disclose this Agreement to their attorney(s) and tax advisor(s) and/or auditors for the purposes of obtaining legal or accounting advice or for the preparation of their tax returns or financial statements.

6. This Agreement constitutes the entire understanding of the Parties with respect to its subject matter and is intended as a final and definitive resolution of all matters pertaining to or arising out of the subject matter hereof. This Agreement supersedes all prior agreements and representations, whether oral or written, express or implied. This Agreement is intended as a final and definitive resolution of the Bankruptcy Action.

7. By executing this Agreement, the Parties do not make any admissions regarding liability whatsoever.

*Approved by Judge Kathryn C. Ferguson   September 08, 2010*

8. This Agreement shall be construed and interpreted in accordance with the laws of the State of New Jersey without giving effect to and without reference to its choice of law principles. Any action arising out of this Agreement shall be subject to the exclusive jurisdiction of the competent State, Federal and/or Administrative Courts located within the State of New Jersey.

9. This Agreement is binding upon and enforceable by the successors and assigns of the Parties and will inure to the benefit of same.

10. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original Agreement, but all of which together shall constitute one and the same instrument.

11. All notices and/or communications regarding this Agreement shall be in writing and shall be delivered by First Class mail. All notices and/or communications provided hereunder shall be sent to the Parties at the following addresses, or at such other addresses as shall be furnished in writing by a Party to the other Parties.

**Bach's and Miller:**

David S. Barmak, Esq.
Law Offices of David S. Barmak, LLC
Suite 103, #400
1330 Route 206
Skillman, NJ 08558

**Curcio:**

Michael Schwartzberg, Esq.
72 Burroughs Place
Bloomfield, NJ 07003

IN WITNESS WHEREOF, this Agreement has been fully executed and acknowledged by the Parties on the Effective Date written above.

**FOR BACH'S AND MILLER:**

By: _____  Dated: 8/24/2010
Robert G. Miller, Individually and as

*Approved by Judge Kathryn C. Ferguson September 08, 2010*

President of Bach's Home Health Care, Inc.

**FOR CURCIO:**

By: _/s/ Joan B. Curcio_  Dated: 8/19/2010
Joan B. Curcio